**E-filed 9/14/07**

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
JAMES M. CHADWICK Cal. Bar No. 157114
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Tel: 415.434.9100
Fax: 415.434.3947
jchadwick@sheppardmullin.com

Attorneys for Plaintiff, HORTA, LLC

RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
JOSEPH P. DiCIUCCIO, Sr. Deputy City Attorney (#56885)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California 95113-1905
Telephone: (408) 535-1900
Facsimile: (408) 998-3131
Email: cao.main@sanjoseca.gov

Attorneys for Defendant, CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HORTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | CASE NO. C 02-04086 JF (RS)<br><br>[Related Case Nos. C 00-20018 JF and C 05-03778 JF]<br><br>STIPULATION FOR MODIFICATION OF JUDGMENT AND INJUNCTION<br><br>Judge: Hon. Jeremy Fogel<br>Complaint: August 23, 2002 |

## STIPULATION

WHEREAS, on February 28, 2005, the Court entered judgment and an injunction in this action brought by Horta against the City of San Jose;

WHEREAS, on March 14, 2005, plaintiff Horta, LLC ("Horta") filed a Motion for Attorneys' Fees, seeking to recover attorneys' fees incurred in this action and a Motion to Reconsider, Reopen, and Amend Judgment; and

WHEREAS, Horta and the City of San Jose have reached an agreement resolving the remaining issues in the litigation, with the exception of Horta's claim for attorneys' fees;

THEREFORE, IT IS HEREBY STIPULATED by and between the parties to this action, that:

(1) The judgment previously entered in this action should be modified, and a modified judgment in the form of Attachment A to this stipulation should be entered;

(2) The injunction previously entered in this action should be modified, and a modified injunction in the form of Attachment B to this stipulation should be entered;

(3) Following entry of the modified judgment and injunction, a dismissal in the form of Attachment C to this stipulation should be entered;

(4) Horta shall have 60 days from the date of entry of the modified judgment and injunction in which to file any amended motion for attorneys' fees and costs, or any amendment to the pending Motion for Attorneys' Fees.

Dated: Sept. 12, 2007          SHEPPARD MULLIN RICHTER & HAMPTON LLP

                               By _____
                                  JAMES CHADWICK
                                  Attorneys for Plaintiff HORTA, LLC

Dated: Sept. 12, 2007          RICHARD DOYLE, City Attorney

                               By _____
                                  NORA FRIMAN
                                  JOSEPH P. DICIUCCIO
                                  Attorneys for Defendant CITY OF SAN JOSE

ORDER

Pursuant to the stipulation of the parties, and good cause appearing therefor, IT IS SO ORDERED:

(1) The judgment previously entered in this action shall be modified, and a modified judgment in the form of Attachment A to this stipulation shall be entered;

(2) The injunction previously entered in this action shall be modified, and a modified injunction in the form of Attachment B to this stipulation shall be entered;

(3) Following entry of the modified judgment and injunction, a dismissal in the form of Attachment C to this stipulation shall be entered; and

(4) Horta shall have 60 days from the date of entry of the modified judgment and injunction in which to file any amended motion for attorneys' fees and costs, or any amendment to the pending Motion for Attorneys' Fees.

Dated: ____9/14/_____, 2007

_____
HON. JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

1
2
3  **ATTACHMENT A**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-filed 9/14/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HORTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | CASE NO. C 02-04086 JF (RS)<br><br>[Related Case Nos. C 00-20018 JF and C 05-03778 JF]<br><br>**JUDGMENT** |

The Motion for Summary Judgment by Plaintiff Horta, LLC ("Horta") and the Motion for Summary Judgment, or in the Alternative, Summary Adjudication of Issues by Defendant City of San Jose ("the City"), came on for hearing on September 27, 2004, the Honorable Jeremy Fogel, presiding. The evidence presented having been fully considered, the issues having been duly heard, an Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment was entered on January 26, 2005, and a Judgment and Injunction were entered on February 28, 2005.

Thereafter, on March 14, 2005, Horta filed a Motion for Attorneys' Fees, seeking to recover attorneys' fees incurred in this action, and a Motion to Reconsider, Reopen, and Amend Judgment (the "Motion to Amend").

1   The parties having now entered into an Agreement Settling Pending Litigation
2   ("Agreement") and a stipulation, the Court being familiar with the record in this matter and in the
3   related cases, and good cause appearing therefor,
4   IT IS ORDERED, ADJUDGED, AND DECREED as follows:
5   1.   Horta was entitled to operate its Boeing 727-200 aircraft ("the 727") at the
6   Norman Y. Mineta San Jose International Airport ("the Airport") during the hours of 11:30 p.m.
7   to 6:30 a.m. ("the Curfew Hours") under Section X(B)(2) of the original San Jose Airport Noise
8   Control Program, which was in effect from February 1984 until October 21, 2003 ("the original
9   NCP").
10  2.   In light of its interpretation and application of Section X(B)(2) at the time of its
11  decision, the City abused its discretion in determining that Horta's proposed Curfew-Hour
12  operations of the 727 at the Airport did not qualify as general aviation operations under Section
13  X(B)(2) of the old Noise Control Program and in denying authorization for such operations.
14  3.   Horta, or its affiliates Fry's Electronics, Inc. ("Fry's"), or the San Jose SaberCats,
15  L.P. ("Sabercats"), each of Horta, Fry's, and the SaberCats being an "Authorized Operator," are
16  permitted to operate the Aircraft at the Airport during Curfew Hours pursuant to the request by
17  Horta for authorization to conduct curfew hour operations under Section X(B)(2) of the Original
18  NCP ("Curfew Flights"), subject to the following conditions:
19      a.   There shall be no more than fifteen (15) flights (*i.e.*, a landing and a takeoff) of the
20           Aircraft during Curfew Hours in each calendar year;
21      b.   The only purpose for which Curfew Flights shall be conducted is for transporting
22           the SaberCats football team (which may be accompanied by owners, officers,
23           employees and guests of the SaberCats or Fry's), together with the personal
24           baggage and equipment of the passengers;
25      c.   Each Curfew Flight shall be operated using approved quiet flying procedures, as
26           set forth in the FAA-approved Airplane Flight Manual for the Aircraft;
27      d.   Within five days of each Curfew Flight, the Authorized Operator shall complete,
28           sign and deliver to the Office of the Director of Aviation at SJC a Curfew

1          Operation Form ("Form"). The Form will be delivered by facsimile to the Airport

2          Noise Office.

3     4.    The City is permanently enjoined from preventing Horta from operating the 727 at the Airport during the Curfew Hours, subject to the conditions set forth in paragraph 3 above.

5     5.    The City is permanently enjoined from taking any action, including but not limited to the commencement or prosecution of administrative proceedings, to fine, penalize, or otherwise sanction operations of the 727 performed in compliance with the conditions imposed by this Judgment.

    IT IS ORDERED AND ADJUDGED that judgment be entered in favor of Horta and that Horta recover its costs.

Dated:   9/14  , 2007

                             HON. JEREMY FOGEL
                   UNITED STATES DISTRICT COURT JUDGE

1
2
3   **ATTACHMENT B**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-filed 9/14/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HORTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | CASE NO. C 02-04086 JF (RS)<br><br>[Related Case Nos. C 00-20018 JF and C 05-03778 JF]<br><br>**PERMANENT INJUNCTION ORDER** |

TO DEFENDANT CITY OF SAN JOSE:

In accordance with the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment entered on January 26, 2005, and pursuant to the agreement and stipulation of the parties, you, your officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with you or them who receive actual notice of this Order by personal service or otherwise, are hereby PERMANENTLY RESTRAINED AND ENJOINED from directly or indirectly:

1. Preventing operations of the Boeing 727-200 aircraft that was the subject of the application by Horta, LLC ("Horta") for authorization pursuant to Section X(B)(2) of the old

Noise Control Program ("the 727") at the Norman Y. Mineta San Jose International Airport ("Airport") during the hours of 11:30 p.m. to 6:30 a.m. ("Curfew Hours") subject to the following conditions:

    a. There shall be no more than fifteen (15) flights (*i.e.*, a landing and a takeoff) of the Aircraft during Curfew Hours in each calendar year;

    b. The only purpose for which Curfew Flights shall be conducted is for transporting the SaberCats football team (which may be accompanied by owners, officers, employees and guests of the SaberCats or Fry's), together with the personal baggage and equipment of the passengers;

    c. Each Curfew Flight shall be operated using approved quiet flying procedures, as set forth in the FAA-approved Airplane Flight Manual for the Aircraft;

    d. Within five days of each Curfew Flight, the Authorized Operator shall complete, sign and deliver to the Office of the Director of Aviation at SJC a Curfew Operation Form ("Form"). The Form will be delivered by facsimile to the Airport Noise Office.

2. Taking any action, including but not limited to the commencement or prosecution of administrative proceedings, to fine, penalize, or otherwise sanction operations of the 727 performed in compliance with the conditions imposed by this Order.

This Court shall retain jurisdiction over the parties to enforce this Permanent Injunction Order.

IT IS SO ORDERED.

Dated: ___9/14_____, 2007    _____
                                                   HON. JEREMY FOGEL
                                                   UNITED STATES DISTRICT COURT JUDGE

1
2
3 **ATTACHMENT C**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

W02-WEST:5JMC1\400327225.3 -11- STIPULATION AND ORDER
CASE NO. C 02-04086 JF (RS)

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HORTA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE,<br><br>　　　　　Defendant. | CASE NO. C 02-04086 JF (RS)<br><br>[Related Case Nos. C 00-20018 JF and C 05-03778 JF]<br><br>**STIPULATION AND ORDER OF DISMISSAL** |

STIPULATION

WHEREAS, Horta brought this action challenging the legality of certain aspects of the San Jose Airport Noise Control Program enacted in 1984 (Original NCP), and the revised Noise Control Program enacted in 2003 through the adoption of San Jose Ordinances 27000 and 27001 (the "Revised NCP");

WHEREAS, on February 28, 2005, the Court entered judgment and an injunction in this action brought by Horta against the City of San Jose;

WHEREAS, on March 14, 2005, plaintiff Horta, LLC ("Horta") filed a Motion for Attorneys' Fees, seeking to recover attorneys' fees incurred in this action and a Motion to Reconsider, Reopen, and Amend Judgment; and

WHEREAS, Horta and the City of San Jose have reached an agreement resolving the remaining issues in the litigation, with the exception of Horta's claim for attorneys' fees;

THEREFORE, IT IS HEREBY STIPULATED by and between the parties to this action, that:

1. All remaining claims relating to the legality of the Original NCP and the Revised NCP, with the exception of claims for attorneys' fees and costs based on the prior partial grant of Horta's motion for summary judgment and issuance of the Judgment and Injunction, should be dismissed with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure;

2. The dismissal does not and shall not be construed to have any effect on Horta's pending Motion for Attorneys' Fees, or on any claim for attorneys' fees or costs incurred since the filing of that motion, which claims are expressly reserved;

3. Horta shall have 60 days from the date of entry of the modified judgment and injunction pursuant to this Agreement in which to file any amended motion for attorneys' fees and costs, or any amendment to the pending Motion for Attorneys' Fees; and

4. This Court shall retain jurisdiction over the pending Motion for Attorneys' Fees.

ORDER

The parties having now entered into an Agreement Settling Pending Litigation ("Agreement") and a stipulation, the Court being familiar with the record in this matter and in the related cases, and good cause appearing therefor,

IT IS ORDERED as follows:

1. All remaining claims relating to the legality of the Original NCP and the Revised NCP, with the exception of claims for attorneys' fees and costs based on the prior partial grant of Horta's motion for summary judgment and issuance of the Judgment and Injunction, shall be and hereby are dismissed with prejudice;

2. The dismissal does not and shall not be construed to have any effect on Horta's pending Motion for Attorneys' Fees, or on any claim for attorneys' fees or costs incurred since the filing of that motion, which claims are expressly reserved;

3. Horta shall have 60 days from the date of entry of the modified judgment and injunction pursuant to this Agreement in which to file any amended motion for attorneys' fees and costs, or any amendment to the pending Motion for Attorneys' Fees; and

4. This Court shall retain jurisdiction over the pending Motion for Attorneys' Fees.

IT IS SO ORDERED.

Dated: _____, 2007        _____

HON. JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE