**E-Filed 8/27/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HORTA, LLC, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>CITY OF SAN JOSE, <br><br>　　　　　Defendant. | Case Number C 02-04086 JF <br><br> ORDER[1] REGARDING OBJECTIONS TO EVIDENCE |

In connection with Horta's pending motion for attorney's fees, filed November 13, 2007, both parties both filed objections to and moved to strike various parts of the other party's evidence. This order sets forth the Court's rulings as to these objections.

**I. Horta's Objections**

**A.　　Objections to Joseph M. Quinn ("Quinn") Declaration**

<u>Objection to Quinn Declaration, ¶¶ 1-8</u>

　　　Horta contends that Quinn lacks the expertise upon which to base an opinion as to the costs of complex federal cases. Quinn's experience in the California legal market, which includes

---

[1] This disposition is not designated for publication in the official reports.

several positions in large private law firms, makes his testimony helpful to the trier of fact. OVERRULED.

<u>Objection to Quinn Declaration, ¶ 10 - General</u>

Horta contends that Quinn's description of the complaint and the claims it asserted is inaccurate and is contradicted by the actual language of the First Amended Complaint. Quinn's summary of general allegations of the complaint and the claims asserted therein is reasonably accurate. OVERRULED.

<u>Objection to Quinn Declaration, ¶ 10 - "the Airport Director denied Horta's application under the new ordinance."</u>

Horta contends that Quinn has not demonstrated personal knowledge of the basis upon which the City denied Horta's request for authorization. F.R.E. 703 does not require the opinion or inference of an expert to be based upon personal knowledge. Moreover, the objection goes to the weight rather than the admissibility of the opinion. OVERRULED.

<u>Objection to Quinn Declaration, ¶ 10 - "Horta sued the City of San Jose setting out four claims. . ."</u>

Horta contends that Quinn's statements are irrelevant, misstate the record and contain inadmissible legal conclusions. OVERRULED.

<u>Objection to Quinn Declaration, ¶ 10 - "The district court granted relief as to Horta's claim that section X(B)(2) application should have been decided under the standards of the former noise program and that Horta was entitled to a section X(B)(2) exemption under the former noise program."</u>

Horta contends that Quinn's statements are irrelevant, misstate the record and contain inadmissible legal conclusions. SUSTAINED.

<u>Objection to Quinn Declaration, ¶ 11 - General</u>

Horta contends that Quinn's statements misstate the record and contain inadmissible legal conclusions. SUSTAINED.

<u>Objection to Quinn Declaration, ¶ 12 - General</u>

Horta contends that Quinn's statements misstate the record and contain inadmissible legal

1 conclusions.  SUSTAINED.

2     <u>Objection to Quinn Declaration, ¶ 14-17- General</u>

3     Horta contends that Quinn's statements are irrelevant, lack foundation and are speculative.  Quinn fails to offer any factual basis for his assertion that Horta's course of action was unreasonable or that his suggested alternative would have been preferable.  SUSTAINED.

6     <u>Objection to Quinn Declaration, ¶ 18 - General</u>

7     Horta contends that Quinn's statements lack foundation.  SUSTAINED.

8     <u>Objection to Quinn Declaration, ¶ 19 - "I approach all legal fees audits with the assumption that most attorneys do not intentionally or unintentionally inflate their bills, and there must be a "preponderance of the evidence" to support an audit finding that a certain amount of fees should be disallowed.  In this regard, I also believe that attorneys should be given the benefit of the doubt where possible overbilling may have occurred."</u>

13     Horta contends that the statement at issue is irrelevant, speculative, misstates the record, and contains inadmissible legal conclusions.  OVERRULED.

15     <u>Objection to Quinn Declaration, ¶ 19 - ". . . Horta could readily have obtained a judgment on its writ claim (the claim on which Horta in fact ultimately obtained the judgment) . . ."</u>

17     Horta contends that the statement at issue is speculative, misstates the record, and contains inadmissible legal conclusions.  Quinn mischaracterizes the claims asserted by Horta and the judgment Horta obtained by insisting that Horta asserted a "writ claim" and that Horta obtained a judgment only on that claim.  SUSTAINED.

21     <u>Objection to Quinn Declaration, ¶ 20 - "Horta's lawsuit, however, was not particularly complex and did not reasonably require the resources of a large firm."</u>

23     Horta contends that the statement at issue is irrelevant, speculative, lacks foundation and constitutes an improper expert opinion.  F.R.E. 703 does not require the opinion or inference of an expert to be based on the expert's personal knowledge.  In addition, Quinn has sufficient expertise, and there was sufficient foundation for his opinions per F.R.E. 705.  OVERRULED.

27     <u>Objection to Quinn Declaration, ¶¶ 21-27 - General</u>

28     Horta contends that Quinn's statements are irrelevant, speculative and lack foundation.

1  F.R.E. 703 does not require the opinion or inference of an expert to be based upon personal
2  knowledge.  Quinn's testimony here as to reasonable hourly rates and attorney's fees in general is
3  relevant and that he has sufficiently provided a basis for his opinion on these matters.
4  OVERRULED.
5      Objection to Quinn Declaration, ¶¶ 28-35 - General
6      Horta contends that Quinn's statements are irrelevant, speculative and lack foundation.
7  F.R.E. 703 does not require the opinion or inference of an expert to be based upon personal
8  knowledge.  Quinn's testimony on reasonable rates and attorney's fees in general is relevant and
9  rests upon a sufficient factual basis.  OVERRULED.
10     Objection to Quinn Declaration, ¶¶ 36-37 - General
11     Horta contends that Quinn's statements are irrelevant, speculative and lack foundation.
12 F.R.E. 703 does not require the opinion or inference of an expert to be based upon personal
13 knowledge.  Quinn's declaration as to Mr. Wainscoat's duties does not contradict Quinn's other
14 testimony, nor is Quinn's opinion as to attorney staffing outside the scope of his expertise.
15 OVERRULED.
16     Objection to Quinn Declaration, ¶ 38 - General
17     Horta contends that Quinn's statement is irrelevant.  SUSTAINED.
18 **B.     Objections to Joseph M. Quinn ("Quinn") Supplemental Declaration**
19     Objection to Quinn Supplemental Declaration, ¶¶ 4-9
20     Horta contends that Quinn lacks the expertise with respect to the opinions at issue.  This
21 objection is addressed above.  OVERRULED.
22     Objection to Quinn Supplemental Declaration, ¶ 10 - General
23     Horta contends that Quinn's statements are irrelevant.  SUSTAINED.
24     Objection to Quinn Supplemental Declaration, ¶¶ 11-12 - General
25     Horta contends that Quinn's statements are irrelevant.  SUSTAINED.
26     Objection to Quinn Supplemental Declaration, ¶ 12 - "...it makes is easier for the
27 opposing party and the court to evaluate the reasonableness of the staffing decisions and   time
28 spent on particular tasks."

4

Case No. C 02-4086
ORDER RE: OBJECTIONS TO EVIDENCE
(JFLC1)

1    Horta contends that Quinn's statement is irrelevant, speculative and contains an
2 inadmissable legal conclusion.  The statement is irrelevant.  SUSTAINED.
3        Objection to Quinn Supplemental Declaration, ¶ 13 - General
4    Horta contends that Quinn's statement is irrelevant, speculative and lacks foundation.
5 SUSTAINED.
6        Objection to Quinn Supplemental Declaration, ¶ 14 - General
7    Horta contends that Quinn's statement is irrelevant, speculative and lacks foundation.
8 Even if "conventional wisdom" suggests that cases filed in state court cost less than those filed in
9 federal court, Quinn does not address Horta's reasons for filing this particular case in federal
10 court.  Consequentially, the statement does not tend to prove or disprove any material fact in this
11 case and thus is irrelevant.  SUSTAINED.
12        Objection to Quinn Supplemental Declaration, ¶ 14 - "Conventional wisdom suggests
13          that litigation costs are lower in state court."
14    Horta contends that Quinn's statement is irrelevant, speculative, lacks foundation and
15 contains an unqualified expert opinion.  The statement is irrelevant.  SUSTAINED.
16        Objection to Quinn Supplemental Declaration, ¶ 15 - General
17    Horta contends that Quinn's statement is irrelevant, speculative, lacks foundation and
18 contains an unqualified expert opinion. The statement is speculative.  SUSTAINED.
19        Objection to Quinn Supplemental Declaration, ¶ 15 - "Nothing about this case suggests
20          that it could not have been adequately litigated in state court."
21    Horta contends that Quinn's statement is irrelevant, speculative and lacks foundation.
22 The statement is speculative.  SUSTATINED.
23        Objection to Quinn Supplemental Declaration, ¶ 15 - "And if given the option, a
24 reasonable cost-sensitive client would likely elect to litigate in state court, unless a
25 strategic consideration other than cost outweighed the cost issue."
26    Horta contends that Quinn's statement is irrelevant, and contains both an unqualified
27 expert opinion and an inadmissible legal conclusion.  OVERRULED.
28        Objection to Quinn Supplemental Declaration, ¶ 15 - "In my opinion, a party to whom

Case No. C 02-4086
ORDER RE: OBJECTIONS TO EVIDENCE
(JFLC1)

| | |
|---|---|
| 1 | attorney's fees are shifted should not have to bear the burden of expenses incurred based |
| 2 | on the other side's strategic considerations when a more economical approach was |
| 3 | available." |
| 4 | Horta contends that Quinn's statement is irrelevant, and contains both an unqualified |
| 5 | expert opinion and an inadmissible legal conclusion.  The statement contains a legal conclusion. |
| 6 | SUSTAINED. |
| 7 | Objection to Quinn Supplemental Declaration, ¶ 16 - General |
| 8 | Horta contends that Quinn's statement is irrelevant, speculative and lacks proper |
| 9 | foundation.  OVERRULED. |
| 10 | Objection to Quinn Supplemental Declaration, ¶ 16 - "Many of those cases involved |
| 11 | airport and land-use issues." |
| 12 | Horta contends that Quinn's statement is irrelevant, misstates the record and contains |
| 13 | inadmissible legal opinions and arguments.  OVERRULED. |
| 14 | Objection to Quinn Supplemental Declaration, ¶ 16 - "Staffing a case with four attorneys |
| 15 | typically occurred because of attorney attrition..." |
| 16 | Horta contends that Quinn's statement is irrelevant, speculative and that it lacks |
| 17 | foundation.  The statement is irrelevant.  SUSTAINED. |
| 18 | Objection to Quinn Supplemental Declaration, ¶ 17 - General |
| 19 | Horta contends that Quinn's statements are irrelevant, speculative and lack foundation. |
| 20 | F.R.E. 703 does not require that the opinion or inferences of an expert be based upon personal |
| 21 | knowledge.  Quinn's general hypothetical situations may help to prove or disprove a material fact |
| 22 | in this case.  OVERRULED. |
| 23 | Objection to Quinn Supplemental Declaration, ¶ 18 - General |
| 24 | Horta contends that Quinn's statements are irrelevant, speculative and lack foundation. |
| 25 | F.R.E. 703 does not require that the opinion or inferences of an expert be based upon personal |
| 26 | knowledge.  OVERRULED. |
| 27 | Objection to Quinn Supplemental Declaration, ¶ 18 - "The case was moderately complex |
| 28 | but did not merit the time of nine attorneys and two firms.  The airport and aviation issues |

1 | presented prior to judgment were relatively straightforward, as were the land issues."

2 | Horta contends that Quinn's statements are irrelevant, speculative, lack foundation and present an improper expert opinion. F.R.E. 703 does not require that the opinion or inferences of an expert be based upon personal knowledge. OVERRULED.

Objection to Quinn Supplemental Declaration, ¶ 18 - "I would expect litigators who command $400 per hour could have reasonably handled the case..."

Horta contends that Quinn's statements are irrelevant, speculative and lack foundation. F.R.E. 703 does not require that the opinion or inferences of an expert be based upon personal knowledge. OVERRULED.

Objection to Quinn Supplemental Declaration, ¶ 19 - General

Horta contends that Quinn's statements are irrelevant, speculative and lack foundation. F.R.E. 703 does not require that the opinion or inferences of an expert be based upon personal knowledge. OVERRULED.

## II. Defendant's Objections

**A.   Objections to Boyd S. Lemon ("Lemon") Declaration**

Objection to Lemon Declaration, ¶¶ 1, 2, 4-9, 12, 13

The City contends that Lemon lacks expertise upon which to base an opinion regarding aviation litigation. Lemon's lengthy experience in the California legal market, including cases in involving administrative law, makes his testimony helpful to the trier of fact. OVERRULED.

DATED: August 17, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  James M. Chadwick          james.chadwick@dlapiper.com

   Edward Parsons Davis, Jr.  edward.davis@dlapiper.com
4
   Joseph DiCiuccio           cao.main@ci.sj.ca.us, Brande.Gex@sanjoseca.gov
5
   Diana Ng Fung              diana.ng.fung@dlapiper.com, stacy.murray@dlapiper.com
6
   Sandra Sang-ah Lee         sandra.lee@sanjoseca.gov, glenda.lucas@sanjoseca.gov
7
   George Rios                george.rios@ci.sj.ca.us
8
   Richard Doyle
9  Office of the City Attorney
   151 West Mission Street
10 San Jose, CA 95110

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 02-4086
ORDER RE: OBJECTIONS TO EVIDENCE
(JFLC1)