\*\* E-filed on 8/ 28/08\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HORTA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE,<br><br>　　　　　　Defendant. | Case Number C 02-04086 JF<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

Plaintiff Horta, LLC ("Horta") seeks an award of attorney's fees under 42 U.S.C. §1988. Defendant City of San Jose ("The City") opposes the motion. The Court has read the moving and responding papers and has considered the arguments of counsel at the hearing on April 11, 2008. For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

This case arises from Horta's request that its Boeing 727 jet be permitted to operate at Mineta San Jose International Airport ("the Airport") during night-time hours when aircraft operations are restricted by resolutions and ordinances adopted by the City ("the Curfew") .[1] In

---

[1] The facts giving rise to this case are set forth in the Court's prior orders. See Order Granting Plaintiff's Motion and Denying Defendant's Motion for Preliminary Injunction, filed

1984, the City established the original San Jose Airport Noise Control Program ("old Noise Program"). The old Noise Program included a curfew that made distinctions among aircraft based in part upon whether the aircraft was in the "transport category," i.e., that the aircraft weighed more than 75,000 pounds. All transport category aircraft were subject to the Curfew. Whether a specific non-transport category aircraft could operate during the Curfew depended upon the applicability of "stage" categories developed by the Federal Aviation Administration ("FAA") to distinguish between noise levels associated with different aircraft. Applying these categories, Stage 1 and 2 aircraft were subject to the Curfew, while Stage 3 aircraft were allowed to operate during Curfew hours. Operators of general aviation aircraft could obtain authorization from airport management to operate during Curfew hours by demonstrating that the aircraft met Stage 3 noise limitations. Several such authorizations were granted for Boeing 727-200s such as the aircraft owned by Horta.

Horta requested authorization for the 727 pursuant to Section X(B)(2) of the old Noise Program ("Section X(B)(2)") on April 9, 2002. On April 23, 2002, the City enacted a 180-day moratorium on Section X(B)(2) exemptions ("the Moratorium"). On October 2, 2002, Horta renewed its application for exemption, this time supplementing its efforts by offering to adopt voluntary restrictions on the number, purpose, and procedures of its proposed Curfew operations.

After extending the Moratorium several times, the City revised the old Noise Program by enacting a pair of ordinances ("the Revised Program") on October 21, 2003. The Revised Program prohibits aircraft from operating during Curfew hours unless they are listed on a "Schedule of Authorized Aircraft." The Schedule includes any aircraft generating a noise level lower than that specified in enumerated FAA regulations, as well as any aircraft "grandfathered" into the Revised Program by virtue of previously being authorized to operate during Curfew hours. On October 23, 2003, the City denied Horta's request for Section X(B)(2) exemption on

---

June 13, 2001 in *Wing and a Prayer, Inc.v. City of San Jose*, Case No. C 00-20018 JF; and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, filed January 26, 2005 (hereafter "Jan. 26, 2005 Order").

1  the basis that the 727 is not used for "general aviation" operations as that term was used in the
2  old Noise Program. The City's decision made no reference to noise levels generated by the 727.
3        Horta originally brought this action on August 23, 2002, seeking injunctive relief in the
4  form of acceptance of its Section X(B)(2) application, as well as vindication of due process
5  rights.  Following the conclusion of the administrative process summarized above and additional
6  discovery motion practice, Horta and the City filed cross-motions for summary judgment. On
7  January 26, 2005, this Court entered judgment in favor of Horta, holding that the city had abused
8  its discretion in denying Horta's request for authorization to operate during the Curfew.  The
9  Court did not reach Horta's §1983 claim.
10       Horta alleges that the City thereafter instigated an investigation by the FAA that led to the
11 FAA's termination of a "Letter of Deviation Authority" ("LODA") that allowed Horta's aircraft
12 to operate under Part 91 of the Federal Aviation Regulations ("FAR"). Operating under Part 91
13 was one of the restrictions that Horta voluntarily had placed upon itself in its effort to obtain a
14 Section X(B)(2) exemption and was one of the conditions of the judgment entered by the Court.
15 The FAA's termination of the LODA led Horta to undertake a variety of actions in order to
16 continue operation of its aircraft during Curfew hours, including: (1) a motion to reconsider,
17 reopen, and amend the judgment, in order to address the City's alleged role in instigating the
18 FAA investigation and the impact of the investigation on Horta's ability to operate during
19 Curfew hours; (2) the preparation and service of discovery requests on the FAA seeking evidence
20 necessary for Horta's motion to reconsider and amend the judgment; (3) opposition to the FAA's
21 motion to quash the discovery requests; (4) the filing of an independent lawsuit (as required by
22 federal law) to enforce the discovery requests to the FAA (the "FAA Action"); (5) preparation for
23 and participation in all related hearings; (6) preparation and filing of various stipulations while
24 settlement negotiations were taking place; (7) settlement negotiations and the preparation and
25 filing of settlement documents; and (8) the preparation and filing of the instant motion. The
26 parties have settled the underlying dispute, having stipulated to modified judgment and
27 permanent injunction that were entered by the Court on September 14, 2007.  The settlement
28 leaves open the question of attorney's fees.

1   Horta now seeks an award of all of the attorney's fees it has incurred in litigating this
2   action and the collateral litigation, including the preparation of discovery requests to the FAA
3   and motions to reconsider, reopen, and amend the judgment.  It has filed several declarations by
4   its special fees counsel and complex litigation practitioners. In addition, it has submitted a
5   lengthy invoice detailing the hours for which it seeks compensation.  The City opposes any fee
6   award.  Both parties have raised evidentiary objections which are the subject of a separate order
7   filed concurrently herewith.

## II.  LEGAL STANDARD

9   42 U.S.C. §1988 confers discretion upon district courts to award reasonable attorneys'
10  fees to a prevailing party in a civil rights action.  42 U.S.C. §1988(b).  "The starting point for
11  determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably
12  expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397
13  (9th Cir. 1992).  Although there is a "strong presumption" that the lodestar represents a
14  reasonable fee, it may be adjusted upwardly or downwardly based upon certain factors.  *See id.*;
15  *Lucas v. White*, 63 F. Supp.2d 1046, 1057 (N.D. Cal. 1999).  "Counsel for the prevailing party
16  should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary,
17  just as a lawyer in a private practice is ethically obligated to exclude hours from his fee
18  submission." *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983)(*citations omitted*); s*ee also,*
19  *Gates*, 987 F.2d at 1402.  The party seeking the fee bears the burden of documenting the
20  appropriate hours expended in the litigation and must submit evidence in support of those hours
21  worked.  *Id.* at 1398-1399.  "The party opposing the fee application has a burden of rebuttal that
22  requires submission of evidence to the district court challenging the accuracy and reasonableness
23  of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.*
24  The court must articulate "the reasons for its findings regarding the propriety of the hours
25  claimed or for any adjustment it makes either to the prevailing party's claimed hours or to the
26  lodestar." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001) (*quoting Gates*,
27  987 F.2d at 1398).  In some circumstances, it is appropriate for the court to make "across-the-
28  board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* at

4
Case No. C 02-04086 JF
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
(JFEX1)

1149-1151.  However, that method is controversial, *Gates,* 987 F.2d at 1399, and does not discharge the court from "its responsibility to set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request." *Ferland,* 244 F.3d at 1149 (*citation omitted*).

### III.  DISCUSSION

**A.     Horta's Right to Fees**

   1.     Intertwined Claims

Attorney's fees may be recovered pursuant to §1988(b) when claims are made under §1983 but the judgment is founded on a claim other than the constitutional claim; such a situation may arise where the constitutional issue is "substantial" and the dispositive non-constitutional issue arises out of a "common nucleus of operative fact." *Maher v. Gagne*, 448 U.S. 122, 132; *Gerling Global Reinsurance Corporation of America v. Garemendi*, 400 F.3d 803, 807 (9th Cir. 2005).

Claims are substantial for purposes of this analysis if they are sufficient to support federal jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528 (1974). *See also Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 551 (5th Cir. 2003) ("A claim is substantial if it supports federal question jurisdiction . . ."). A §1983 claim is insubstantial only if it is "obviously without merit." *Gerling*, 400 F.3d at 808. Claims arise from a common nucleus of operative fact when "fee-supporting claims are so interrelated with non-fee claims that plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding.'" *Gerling*, 400 F.3d at 808, quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Even though Horta's §1983 claim was left unaddressed in the Court's January 26, 2005 Order, that claim plainly gave rise to federal question jurisdiction. The claim was dismissed as moot because the Court's determination with respect to the City's application of Section X(B)(2) was determinative, but it was not dismissed as frivolous or fictitious.  All of Horta's claims arose from the same set of facts.  While Horta asserted a number of distinct legal theories, all of its claims were presented in the same complaint and were based upon the City's conduct in applying the Curfew. Thus, Horta's §1983 claim was substantial and arose out of the same nucleus of

5

operative facts as did the claim on which Horta prevailed. Accordingly, to the extent that it is the prevailing party, Horta is entitled to §1988 attorney's fees.

        2.        Prevailing Party

In addition to asserting a claim based upon the Equal Protection Clause, Horta's complaint asserted rights and obligations established by the Airport Noise and Capacity Act ("ANCA") and its implementing regulations. In granting Horta's motion for summary judgment, the court relied upon ANCA the regulations contained in Part 161 of the FAR in finding that the City had reduced aircraft operations without taking the procedural steps required by law. (Jan. 26, 2005 Order, 23:2-5). Horta argues that the procedural safeguards embedded in ANCA's protections for individual aircraft operators amount to the creation of individual rights of individual operators enforceable under §1983. In response, the City argues that ANCA does not provide individual aircraft operators with a private right of action, and that ANCA's legislative history evinces a concern for establishing a uniform system that will support the aviation industry as a whole.

ANCA contains its own enforcement mechanism, to be administered by the Secretary of Transportation. 42 U.S.C. § 47526. This fact supports the City's argument that Congress did not intend to create a private right of action for ANCA violations. However, the Court's determination in this case that the city's enforcement of the curfew was "arbitrary and capricious" was based on constitutional notions of procedural due process; it did not depend upon the existence of a private right of action under ANCA. Accordingly, Horta has satisfied the "prevailing party" requirement for § 1988 attorney's fees.

**B.    Award Amount**

Because Horta could have sought administrative relief under ANCA, the City contends that any award to Horta should reflect that fact. However, as noted above, Horta's complaint asserted non-frivolous constitutional claims. The number of hours expended on the case by Plaintiff's counsel was reasonable and is sufficiently documented, as required by *Gates*. 987 F.2d at 1397. The hourly rates charged by the various attorneys who represented Horta also are reasonable in light of the attorneys' relevant experience and expertise. The Court notes and

6

appreciates the fact that counsel are seeking compensation based on their hourly rates at the time the work was done even though arguably they could seek their current (and higher) hourly rates. *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989). Counsel's fee declarations are founded on years of relevant litigation experience.

The more difficult question is whether and to what extent the fees should be reduced to reflect the fact that Horta engaged in litigation of the motion to reopen and amend the judgment and to obtain discovery from the FAA after the termination of Horta's deviation authority. Horta claims that the City instigated the FAA investigation that led to Horta's difficulties with the certification of its aircraft. The City has provided declarations from members of its staff indicating that this was not the case. Irrespective of the merit of these allegations, the Court concludes that the City could have avoided the collateral litigation entirely by waiving the requirement that Horta comply with Part 91 of the FAR during the period that Horta was working to resolve the issue with the FAA. Instead, Horta was compelled to pursue collateral litigation activities in order to secure the remedy it thought it had secured in the January 26, 2005 Order, and the fees it incurred in this collateral litigation properly should be factored into its §1988 attorney's fee award. Under the circumstances, the Court concludes that it would be equitable for the city to share in the expense.

For the reasons set forth above, the Court will award Horta all of its attorney's fees sought in connection with obtaining the judgment entered January 26, 2005. The Court also will award fifty-percent (50%) of the attorney's fees Horta incurred subsequent to the judgment.[2]

## IV. DISPOSITION

Good cause therefore appearing, IT IS HEREBY ORDERED that Horta's motion for attorney's fees pursuant to 42 U.S.C. §1988 is GRANTED as set forth above. Counsel shall provide the Court with the relevant amounts within thirty (30) days of this order.

---

[2] Horta's moving papers do not provide a precise allocation between pre-judgment and post-judgment attorney's fees. Counsel for Horta shall provide a calculation consistent with this order by letter to the Court and opposing counsel on or before September 8, 2008.

1  DATED: August 28, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

| | |
|---|---|
| James M. Chadwick | james.chadwick@dlapiper.com |
| Edward Parsons Davis, Jr. | edward.davis@dlapiper.com |
| Joseph DiCiuccio | cao.main@ci.sj.ca.us, Brande.Gex@sanjoseca.gov |
| Diana Ng Fung | diana.ng.fung@dlapiper.com, stacy.murray@dlapiper.com |
| Sandra Sang-ah Lee | sandra.lee@sanjoseca.gov, glenda.lucas@sanjoseca.gov |
| George Rios | george.rios@ci.sj.ca.us |

Richard Doyle
Office of the City Attorney
151 West Mission Street
San Jose, CA 95110

Case No. C 02-04086 JF
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
(JFEX1)